UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

ELEANOR M. TORTOSO,

    Plaintiff,

v.                                  Civil Action No.

COMMERCIAL RECOVERY SYSTEMS, INC.; and
DOE 1-5

    Defendants.

**COMPLAINT**
**(Jury Trial Demanded)**

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2.    This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in collection efforts against Plaintiff while Plaintiff so resided.

## PARTIES

3.     Plaintiff, ELEANOR M. TORTOSO (hereinafter "Plaintiff" or "Mrs. Tortoso"), is a natural person residing in Sarasota, Florida.  Defendant COMMERCIAL RECOVERY SYSTEMS, INC. is believed to be a Texas corporation with a principle place of business at 8035 East R.L. Thornton Freeway, Suite 205, in Dallas, Texas.

4.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5.     COMMERCIAL RECOVERY SYSTEMS, INC. and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6.     Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7.     Defendants engaged in an attempt to collect a consumer credit card debt allegedly owed by Ms. Tortoso.

8.     Mrs. Tortoso is 84 years old and resides with her son.  A single landline phone is in service at the household.  Mrs. Tortoso's son maintains an answering machine on the home phone.

9. At various times, included on or about November 12, 28, December 17, 19, 24, and 26, 2012, Defendants left telephone messages on the household phone used by Mrs. Tortoso's son, the content of which are substantially as follows: "This message is intended for Eleanor Tortoso. If you are not Eleanor please disconnect. If you are Eleanor Tortoso, please continue listening… There will now be a pause… By continuing to listen, you acknowledge you are Eleanor Tortoso. This message contains private information. Do not listen where others cn hear, there will now be another short pause… This is Angela Brown from Collection Recovery Systems… This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call me at 1-800-214-5332 regarding account #3826338."

10. Mrs. Tortoso's son, acting reasonably in not wanting the delete messages that may be of importance, medical related or otherwise, listened to the messages.

11. At no point in time did Mrs. Tortoso authorize Defendants to communicate with her son regarding any debts she allegedly owed.

12. As a direct result of the collection activity herein alleged, Ms. Lane incurred legal fees of $1,455.00.

## CAUSES OF ACTION

### COUNT I

13. Plaintiff re-alleges paragraphs 1 through 12, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692c(b) by communicating, in connection with the collection of a debt, with a third-party without Plaintiff's consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $1,455.00 for legal costs incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  October 11, 2013

_____
ROBERT AMADOR, ESQ.
Attorney for Plaintiff ELEANOR M. TORTOSO
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
R.Amador@centenniallawoffices.com